Paul, this morning is agenda number eight, case number 106909, people of the state of Illinois versus Labarto Delvillar. Miss Paul, are you ready to proceed? Hold on just a minute here, let people get seated. Thank you. You may proceed. Thank you, Mr. Chief Justice, and may it please the members of the court. My name is Assistant State's Attorney Mary Boland from the Cook County State's Attorney's Office. I represent the people of the state of Illinois in good morning, counsel. This is the state appeal from a reversal of the appellate court for an omission of the statutory advisement on immigration. Now, certainly a guilty plea must be knowing. Defendant must know the direct consequences of his plea, and Supreme Court Rule 402 covers that. Supreme Court Rule 402 requires that a court ensure that the defendant understand the nature of his charge, the sentencing range, that he has the right to plead not guilty, that if he gives up that right, he waives the right by trial by jury, and he also waives the right to confront witnesses. And certainly a guilty plea must be volunteering. In the constitutional sense, this means that he's not forced or coerced. Here the court admonished the defendant on each of these elements of Supreme Court Rule 402. In fact, at the guilty plea proceeding, there were 11 questions between the court and the defendant himself. And in the plea, I'm sorry, in the sentencing proceeding, there was another seven questions. So there was a total of 18 questions in addition to a colloquy that the defendant himself had with the court about an extension of time to finish a contract that he was working on. So at the hearing on the defendant's motion to withdraw, counsel stated the basis for his claim, seeking to withdraw his guilty plea, was the omitted statutory immigration advisement. But the legislature's decision to obligate courts to give this advisement is a matter of public policy, is a determination that it's an important collateral consequence, but it doesn't transform a potential immigration consequence, which is collateral to the guilty plea, nor does it transform the voluntary plea into an involuntary one. So the appellate court here simply erroneously granted per se vacature for the omission of an advisory, something that a defendant that claims a 402 violation or a constitutionally backed violation isn't entitled to. Potential immigration consequences are collateral. They're collateral. Amicus in their brief talk about the consequences and whether they're more harsh or less harsh or whether someone is available for an exemption or not available for an exemption, but it doesn't alter the fact that there's no circuit court in Cook County that has control over a federal decision to affect a defendant who is not a U.S. citizen's immigration status. So defendant and Amicus both argue that the statute implicates the substantive right to trial, but Supreme Court Rule 402 addresses that. Defendant is admonished that he has the right to go to trial, that he gives up that right if he chooses to plead guilty. So with or without the advisement, he has those same rights and he's admonished as to those rights. And there's certainly no constitutional right to a plea bargain. So substantive due process involves life, liberty, property. The Amicus doesn't identify where this right comes from. They cite a liquor license case. And so defendant has all of the process that he is due in our proceeding here in the criminal courts in Illinois, and if he is not a U.S. citizen, and if he is subjected to an immigration proceeding, he will be entitled to all the process that he is due in that proceeding. And the federal courts agree that there is a bright line distinction between a collateral consequence and the automatic consequences of a guilty plea. In the same vein, defendant also argues that lenity should apply here. But that principle doesn't apply. This is not a penal statute in intent or effect. It is in fact a collateral consequence. And I point out that this court has found that other collateral consequences like the Sex Offender Registration Act and the Notification Law are not punishment. And this court has also questioned whether lenity even applies in civil statutes such as the Sexually Violent Persons Commitment Act, and that was the Powell case. So the point is, lenity at the end of the day only operates when there's no legislative history. Here there's considerable legislative history. The advisement is a directory statute. Both the appellate court below and the defendant focus on the word shall. But this court made clear in Robinson that it misses the point to stress that the legislature used the word shall. Shall doesn't have a fixed or mutable meaning, and mandatory directory is not the same as mandatory permissive. And the appellate court was concerned that if it didn't read it as a mandatory statute, that somehow trial courts could choose to give the advisement or not give the advisement. But as this court has said in Robinson, the mandatory directory dichotomy deals with the consequences. And so the question here is, what are the consequences? And the legislative intent clearly is that the consequences are left to the judiciary as it should be in all cases. Before the new statute in 2004, it was discretionary. Is that correct? Yeah, there was no advisement at all before this statute. It just didn't exist because it is a collateral consequence. Why would the General Assembly enact this statute if it was only directory? Well, the General Assembly itself said, we've gutted the remedy for the statute, it will be an advisement only by the court. The legislature wanted the courts to give this advisory. And ordinarily the court will give the advisory. But the question here isn't whether the court should or shouldn't give an advisory.  What was changed in the new act? In the new act, the court is directed to give the advisory. And as I say, ordinarily a court will. Here, the defendant said he was a U.S. citizen. And what's the difference in the effect between the old act and the new act? Well, the point is that it's up to the judiciary to decide what the remedy is. And just like if a defendant comes in and says, there's a Rule 402 violation, the defendant has to show that it prejudices him not to do it. Not to have gotten whatever the claim is. Here the defendant says, I'm a U.S. citizen. Accept my guilty plea. And the court does. And the court gives him additional time, has all this colloquy with him. Then he comes back later and files a motion to withdraw and simply says, I'm an alien. Well, making that an automatic vacature elevates the statutory advisement over even constitutionally backed violations. That's clearly not what the legislature intended. We know that because the legislative history here removed any remedy for the failure to give the advisement. And the legislature itself said, we gutted the statute. It's just an advisement. So clearly the legislature wants to single out this important collateral consequence. But the question here before this court is, what's the remedy? And it's interesting, the appellate court thought immigration status is irrelevant to the remedy. But both Bill O'Lagany and DeLeon, two other appellate courts in the first and the second district, have rejected that view. Because it would lead to the absurd result of opening the door to any criminal defendant, U.S. citizen or not, to come back in and claim an automatic right to vacature of their guilty plea for a statute that doesn't even apply to them. And I find it interesting because contrary to the appellate court's view, for whom immigration status was irrelevant, both the defendant and the amicus here would apply a prejudice standard, that same standard that's applied to every other defendant, to U.S. citizens. But neither amicus nor defendant address why that standard shouldn't apply to one who claims to be a U.S. citizen before coming back to claim a contrary status in his motion to vacate. Now the defendant tries to equate the omission with cases where the defendant has been misled. But nobody misled the defendant here. The plea wasn't based on some misadvice. It wasn't based on misrepresentation. And defendant cites the Padilla v. Kentucky case, which was a cert case just taken by the United States Supreme Court. But that's a case involving ineffective assistance of counsel. And this court has already decided, Correa and Huante, regarding misadvice and misinformation to a defendant. So that case is simply not going to assist in the analysis here. Amicus does call for a common sense approach. And the state certainly appreciates that. But then they call for an evidentiary hearing on status. But a mini-trial on this issue is not required. Ordinarily the court's going to give the advisement. In fact, here, the circuit court said it would have advised the defendant if the defendant had not claimed to be a U.S. citizen. Under the existing scheme, a defendant can certainly raise the omission in his motion to withdraw, as he did here. He can obtain a hearing, as he did here. But the standard is clear. When you seek to withdraw a guilty plea, prejudice is required. He's already represented himself directly to the court as a U.S. citizen. So to unravel this guilty plea, this defendant was required to plead and prove that he is subject to immigration consequences, and that but for the advisement he wouldn't have pled guilty. And that way he can show his actual prejudice, like every other defendant who comes before a court. Now, Amicus talks about potential collateral consequences, and the defendant speculates that with his prior record, he might not be able to show that he could be subject to torture in Mexico. But the fact is, the record doesn't show any of this. And Amicus's generalizations with regard to immigration consequences in general and what people may face, the defendant doesn't claim any language barrier. He was able to answer 17 questions, plus have another colloquy with the court about his barrage, plus he talked to the judge. He talked to the court about speaking English. He hasn't claimed ineffective assistance of counsel here. He's not raised that issue. And it doesn't appear that he's culturally confused about whether he should be carrying a loaded gun in Chicago, because he was on probation for carrying a gun just three months earlier. So he's still on probation when he's charged with this crime. So Amicus has to speculate considerably, because the record does not show that the defendant has met his burden. That the defendant claims to misunderstand a direct question of the court, given the fact that he speaks English and was able to answer 17 other questions, is simply not sufficient to unravel this guilty plea. He never claimed he was subject to immigration consequences. He never claimed that if he had gotten the advisement, he might not have pled guilty. The omission was harmless on this record, and defendant has simply not shown it to be otherwise. There are no further questions. We'd ask this court to reverse the First District Appellate Court and reinstate defendant's conviction. Thank you. We may proceed, Counsel. Thank you. Good morning, Your Honors. I'm Michael Davidson, Assistant Cook County Public Defender, representing Leonardo Del Valar, who is the appellee in this case. And you're honored to address some of the things the State just said, and good morning, State. First of all, neither the appellate court nor the statute that we're talking about really is going to result in a monsoon of United States citizens unraveling guilty pleas. If not a monsoon, could one person do it? I don't think that a call on its face, the appellate court did not give that relief. The appellate court remanded this for further proceedings. The appellate court was correct on the wording of the statute, which is very plain, which is very unambiguous, nothing wrong with it. But in the absence of confusion, and consistent with what the legislature intended, the appellate court said, yes, judges are required to give this advisement. Mr. Davidson, in keeping with Justice Freeman's question, I just looked in your brief in response to the absurdity argument that was raised by Ms. Boland, namely that if you draw the appellate court in your argument as a monsoon of United States citizens unraveling guilty pleas, then it's legitimate to its logical extension that citizens could file a motion to vacate a guilty plea for not giving an admonishment for non-citizens. And I looked in your brief, and you say, well, they still won't be able to show prejudice, obviously, as a result of that, because they were a citizen. Just give the admonishment. But I think Justice Freeman's question goes to whether or not some citizens could try it, and thereby tie it to the statute. And I think that's a very good question. And I think that's a very good question. I mean, isn't it an admonishment that should be given to non-citizens? It's an admonishment that should be given to everyone to avoid the true absurd results that would come from the state's position. Because from the state's position, you would have to have a mini-immigration status hearing to decide who should get the admonishment and who shouldn't. So it's not sufficient for the court to rely on the defendant's statement that he was a U.S. citizen? No, Your Honor, because by the way the statute is written and what the legislature intended and what the appellate court decided, the trigger is not the defendant's background. The trigger is the plea procedure. That's why the two cases that counsel refers to in the appellate court that came down the other way on this particular issue, they came down the other way because they misfired because they pulled the wrong triggers. The trigger is the nature of the plea proceeding. That is what the statute talks about. That's what the legislature talks about. The two cases that went the other way on this issue did not focus on the wording of the statute or the legislative history. They misfocused on conduct or background of the defendant. But that is not the operative element which is operative in the statute and which carries out the legislative history. It's the legislative intent as is plain to see in the legislative history. Was this guilty plea involuntary because of the lack of the admonishment? I believe it is. If he has a person, if he's a person that could suffer consequences, immigration consequences from an unknowing plea of guilty that could result in immigration consequences, as the Correa case said, are drastic. Counsel, are there any negative effects on the defendant given what I think is an accepted fact in this case that he lied to the judge about his citizenship? To my knowledge, he has not yet been picked up by INS, but that could happen at any time. That's not what I'm saying. Are there any consequences to the defendant flowing from his lie? Back up one. If he had said, no, Judge Surya, I am not a United States citizen, he undoubtedly would have been given an admonishment. Then he would have been given the admonishment. He lied. He lied. He lied he was a United States citizen and at least Judge Surya concluded it was a knowing lie. Judge Surya concluded that the appellate court did not fall down in the same direction as Judge Surya and there is some indication from trial counsel that he was a legal resident and was confused in his response. So the appellate court wasn't as firm as your honor was on any of the other cases. There was a misconduct by the defendant, but your honor, still that was not... Fair enough. Does it play any part in the decision in this case? No, Judge, it doesn't. Because the conduct of the defendant is not the trigger in the statute or the focus of the legislature. Mr. Davidson, I have to get this clear. I think you answered the question that everyone who is taking a plea should be admonished, non-citizens and citizens. Did you not say that? Correct, Judge. And in that case, would a U.S. citizen be allowed to have his guilty plea vacated for failure of the admonishment, if he wasn't given one? Judge, if on remand, after a case is remanded because of the omission of the required admonishment, on remand, to avoid the fears of the state of all the other cases, all of the United States citizens unraveling pleas, if there was a showing that there was no possible immigration consequence, I do not think that there would be a required vacating of the plea at that point. And what's the point of admonishing all citizens, U.S. citizens? Because that, first of all, addresses the fact that the U.S. citizen is not a U.S. citizen. It's a concern for the people by the legislature, and that also simplifies things for the court. Again, to not have to have a mini-immigration hearing before you decide who needs the admonishment and who doesn't. That would be far more an absurd result than reading, taking about 30 seconds to read a 49-word admonishment, to everyone, that's less obtrusive to the courts, that is a better use of the time of the courts, of the prosecutors, of the defense counsel, of courts of review, as your honors. That is efficiency, and that is a way the legislator envisioned can be the best way to protect the people from this drastic consequence that could occur. So that avoids an absurd result of having to have immigration hearings before you even decide, okay, I've decided, like a federal court here, that you should get the plea of the admonishment and you should have. That's far more obtrusive and an absurd result than a simple application of the statute the way it's written and the appellate court's application of it. I'll admit that the appellate court was right in its conclusion that it's mandatory, although the appellate court's conclusion did not spell out the ABCs of the type of remandment that should occur when a judge does not give the required admonishment. And that's how your honors can aid the courts. Counsel, to follow up on Justice Burke's question, from your comments, do you agree that if it is remanded, it would be incumbent upon the defendant to show prejudice before he would be afforded any relief? Your honor, I think that if you were to analogize with Rule 402, that might be a reasonable procedure within the remandment process. So that's not in the wording of the statute. The statute just makes it clear that this must be given. Just like the legislative history was very clear that this is required to be given. But, your honor, I'm not sure that there's anything in the legislative history or in the statute that says that a U.S. citizen can automatically reap a benefit from this and unravel a plea. And in this case, the case at issue, this is a good example of when the admonishment was required. Because this hearing, and your honors, I'm very dry. Please pardon me for a moment for a drink of water. Hopefully my comments are not as dry as my mouth at the moment. Your honors, in this case, the limited hearing which occurred on the motion to vacate the guilty plea ended with Judge Soria saying, I don't know whether you're a U.S. citizen or not. This case was a good example of when the admonishment should have been given. There was no firm idea in the trial court's mind that this is a U.S. citizen trying to take advantage of something that wasn't even intended for him by the legislature. When was that comment made, counsel? At the very end of the proceeding on the plea. Almost the last comment the judge made before adjourning the matter. And I believe in my brief I cited the page number towards the end of the arguments in my appellee brief of where Judge Soria says that. So this hearing shows, this hearing is an example of when the admonishment was necessary because here, this is a person even from Judge Soria's conclusion that could have been affected by these drastic immigration consequences. If Judge Soria, he also could have gone further in the hearing. He could have gone, asked for additional evidence or testimony if he wanted a clearer picture of whether this was someone that was properly using the statute. But he did not do that. He concluded by saying, I don't know if you're a citizen. Back to Chief Justice Fitzgerald's comment. He made that comment, but it was also in the face of being told by the defendant that he was a U.S. citizen. Is there any obligation on the part or is there any reason or reliance? I know you're saying the easiest thing to do. Sometimes they get confused. My client got confused. But the judge has no right to rely upon the fact that someone asserts that he's a U.S. citizen. Your Honor, in some cases... And let's dovetail into the other questions that a number of us have asked. And as a result of not being able to do that, we have to give the admonishment in all cases. And then whether or not it's a shortened proceeding or not, it still gives the ability of a citizen to file a motion to vacate guilty plea and be heard on it, even if it's eventually thrown out. Yes, Your Honor. As with most other actions, clients, defendants, will file motions in an endless array of cases that ultimately have no significance or merit for them and the judges dispose of them as they should. So we're not talking about something that's unique. Would this be the only area in which the judge can't rely upon what the defendant in front of him says? Your Honor, the judge can consider that among the things the judge considers in making that determination. I'm not saying that that is something the judge cannot consider. Of course, that could be a part of what goes into the judge's consideration. Although in this case, the judge was left even with his colloquies and there were also representations by counsel trying to explain what he had learned from defendants in this that additionally expressed that this was someone that misunderstood and is a resident alien. So there were also counsel's representations based on his knowledge of his clients regarding the same theft. But, Your Honor, the judge can consider that but that is not a talismanic, the fact that he might have said that at some point prior to the judge's ruling on the motion. That could be a factor, but here, that factor to Judge Surya did not answer the question. He still did not know whether or not this is someone that really should be admonished. Mr. Davidson, those comments, though, came seven or eight months after the plea was taken. The plea and the sentencing were completed according to the State Statement of Facts on November 30, 2005. The defense filed a motion on December 15, 2005 for the first time saying the defendant is not a citizen of the United States and on June 6, 2006, that motion was heard and that's when the colloquy occurred. So you said earlier this was a perfect time if the judge didn't know he was a U.S. citizen or not, he should have given the admonishment. The judge didn't know that until at least seven months after the, or at least a month when the motion was filed after the hearing. So again, in this case, the defendant lied to the judge. Can the judge not rely on that or can the judge not rely on any statements in other cases? Your Honor, he could consider the statement of the defendants as one of the factors he's taking into his consideration in making that ruling. The motion to deny? He can consider that, he can consider that, but in this case, in this case, I don't think that it was adequate. I think that if anything, this case could be remanded for further proceedings on that motion. It was left up in the air, it was not answered, and perhaps in this case, this could be remanded for further proceedings on the issue of whether he should be entitled to the admonishment and then the opportunity to withdraw his plea. Do you agree with Justice Carmer that the statement by Judge Soria that said, where he said, I don't know if he's a citizen or not, happened after the guilty plea was entered? It occurred during the motion to vacate the plea. It was the last comment during the motion to vacate. Right, so all he was left with, he wasn't confused at the time. You're taking what came out after the guilty plea that said that before the guilty plea, he was confused as to his citizenship and should have issued the admonishments. He didn't find that, as Justice Carmer just pointed out, he didn't find that out until afterwards. Well, he found it out afterwards because the motion was raised because the admonishment was not initially given. That's why the order of things occurred, as Your Honor describes. If the judge had just followed the plain language of the law and done the admonishments to begin with, then he wouldn't have this sequence of events in the order that Your Honor describes. Is it essential to your argument that we would rule that the admonishment must be given to all individuals, regardless of whether they're citizens or not? Yes, Your Honor. But that is the requirement, that is the mandatory part of it. What I would concede, though, in addressing some of the state's concerns, it's not an automatic vacature for every U.S. citizen that doesn't get the admonishment, doesn't have to have his plea unraveled. But the admonishment should still be given to everyone. Was there anything in this particular case, at the time of the plea, that would have or should have raised the specter to the judge that this man was not a United States citizen? Ideally... I don't mean ideally. I mean anything that you rely on, that is there, that would tell Judge Soria, hey, this guy might not be a U.S. citizen. Well, outside of the fact that it was in the record that he was born in Mexico, there was nothing in the record saying she is not a United States citizen. There's nothing that definitive that was in the record. Counsel, part of your argument is that compliance with this statute would not be burdensome on the court system. That's correct, isn't it? It would be less burdensome than the state's alternative. Do we have any place in the record of a discussion about how many pleas of guilty there are in Cook County alone? I don't think I can count that high. We'd agree that it would involve a substantial number of cases. A substantial number of cases taking roughly a half minute longer for the pleas to conclude, rather than the specter of having... It wouldn't just be when there was a plea, would there? I'm sorry? The admonishment would be given at the time that the plea was being entered. Is that correct? Correct. It's a pre-plea procedure. And it involves not just felonies, but felonies, misdemeanors, and no other contenders as well. Correct. Would it be ineffective assistance to counsel if you represented a citizen who was not admonished regarding the immigration portion and wanted to vacate his guilty plea? Is not putting that down as one of the reasons for vacature? Well, in some cases, the Korea case in this state goes in that direction, where that was a case where there was misadvice or miscommunication between the attorney and the client regarding the immigration consequence, and the appellate court said the collateral nature of it doesn't matter. That's still meaningful in his plea not being voluntary. So in some cases, yes, there can be ineffectiveness. So every vacature of a guilty plea, if we went along with your analysis, would necessarily, where that admonishment wouldn't be given, would be one of the grounds for vacature? Well, by the Korea case, that's based on the client being misinformed. So I don't think Illinois law says that the general representation necessarily will lead to an involuntary plea. Thank you, Counsel. Thank you, Your Honors. Just two short points. The first is that the judge said in this case in the motion to withdraw, I'll accept your statement that you are a citizen of the United States. I gave you the opportunity to tell me you were not. I could have advised you what you could have done. You did not give me that opportunity. I'll not let you withdraw your guilty plea. Later when, and then the judge contemplates holding him in contempt of court, and the judge says I gave you the opportunity to finish the job. You'd taken your word you'd be back. You did finish the job. I gave you that opportunity. Now you're back here BSing the court. I don't know whether you're a citizen or not. And the court denied the motion. That was the very last thing the court said. But the court already accepted the representation to the court that he was a U.S. citizen. The issue here isn't... By finishing the job, he had a garage to build before he went into the penitentiary. That's exactly right. They were asking for additional time. The judge continued his bond to permit him to do that. Yes. And he gave him another three weeks and defended himself, said it should be fine, Your Honor. I have a contract. So he was holding his own colloquy with the court at that time. So the question here is what is the remedy? The remedy should be the remedy for everyone. And that standard does not change. And that means that he had his remedy. He filed his motion. He made his claim. He didn't support it in the slightest. He simply made a contrary claim. The court rejected it. It was a personal representation to the court, and the court accepted the fact that he was a U.S. citizen. So we'd ask this court to reverse the appellate court on that basis. Thank you. Ms. Boland, I have a question. Yes, I'm sorry. With regard to the admonishment, do you think that the admonishment should be required in every plea agreement both to U.S. citizens and non-citizens? Well, the issue in our case is what is the remedy. The legislature says here's what you should advise defendants as part of their guilty plea. If you're not a U.S. citizen, X, Y, and Z. So that's a generic statement, and that solves these issues of many trials. But once you tell a court I'm a U.S. citizen, and now you come back to court and you ask to unravel your guilty plea, then you have the burden like everybody else to show that standard. So the point isn't did the legislature think it should be given. The point is if you represent yourself as a U.S. citizen, you have to come back like everybody else and say I've been prejudiced in this process, and here's the process. And now the court can say, you know what, I accept your attestation that you're a U.S. citizen. And it's a matter of making two different statements here, and the court decided to accept his attestation. So he has the burden like everybody else who wants to come in and unravel their guilty plea. It's not an automatic vacature. And that's where the appellate court got confused. The appellate court kind of said shall, shall, shall. That means automatic vacature. That's not the analysis. That's not the framework of the analysis. So the legislature may intend for courts to do this, but the defendant having represented himself as an American citizen has to do more than just come back and say, no, I'm not. Now that I finished my garage and I got the benefit of what I needed, now I'm not. That's not enough. Thank you. Thank you, counsel. Case number 106-909, People v. Lombardo-Delvar.